UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David J. Washington,               ) | Civil Action No.: 4:20-cv-03569-RBH |
|                                              ) | |
|     Plaintiff,            ) | |
|                                              ) | |
| v.                                         ) | **ORDER** |
|                                              ) | |
| Jenny Abbott Kitchings,        ) | |
| Daniel E. Shearouse,             ) | |
| Officer Inman,                       ) | |
|                                              ) | |
|     Defendants.         ) | |
| _____) | |

This matter is before the Court for consideration of Plaintiff David J. Washington's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing Plaintiff's amended complaint with prejudice and without issuance and service of process.[1]  *See* ECF Nos. 19 & 21.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

---

[1] The Magistrate Judge issued the R&R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's R&R to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff has filed an amended complaint pursuant to 42 U.S.C. § 1983 against the Clerk of Court of the South Carolina Court of Appeals, Jenny Abbott Kitchings, and the Clerk of Court of the South Carolina Supreme Court, Daniel E. Shearouse, in their official capacities only. *See* ECF No. 15. Plaintiff seeks damages, alleging Kitchings and Shearouse violated his civil rights by not allowing his case to be heard by a court of his peers and by denying his Ninth Amendment rights. *Id*. at pp. 5-6. He further argues Shearouse violated his Fourteenth Amendment rights and the Freedom of Information Act. *Id*. Plaintiff's amended complaint is also filed against Officer Inman, who Plaintiff alleges stopped and harassed Plaintiff without probable cause and in violation of Plaintiff's Fourteenth Amendment rights. *See* ECF No. 15.

The Magistrate Judge recommends summarily dismissing Plaintiff's case because (1) Kitchings and Shearouse are entitled to quasi-judicial immunity and Eleventh Amendment immunity and (2) Plaintiff fails to state a claim upon which relief can be granted as to Officer

Inman. *See* R&R, ECF No. 19, at pp. 2-4.

In his objections, dated December 18, 2020, Plaintiff does not mention Officer Inman or address the Magistrate Judge's conclusion that Plaintiff fails to state a claim upon which relief could be granted as to Officer Inman. *See* ECF No. 21. Plaintiff's objections argue Kitchings and Shearouse violated the Civil Rights Act of 1964 and his Ninth and Fourteenth Amendment rights, but his objections do not address the Magistrate Judge's aforementioned conclusions as to Kitchings and Shearouse. *See id.* Thus, the Court need only review the Magistrate Judge's recommendations for clear error, and the Court's review of the R&R reveals no clear error in its analysis. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the Magistrate Judge's R&R for clear error in the absence of specific objections); *see also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("A party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.").

Moreover, even if Plaintiff's objections are liberally construed to address the Magistrate Judge's recommendations regarding Kitchings and Shearouse, under a de novo review, the Court agrees Plaintiff's claims as to Kitchings and Shearouse should be summarily dismissed because they are entitled to quasi-judicial immunity and Eleventh Amendment immunity. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"); *Ross v. Baron*, 493 Fed.Appx. 405, 406 (4th Cir. 2012) ("[A] court clerk is generally entitled to quasi-judicial immunity."); *Mitchell v. Forsyth,* 472 U.S. 511, 526 (noting absolute immunity "is an immunity from suit rather than a mere defense to liability."*); Cash v. Granville Cnty. Bd. of Educ*, 242 F.3d 219, 222 (4th Cir. 2001) ("Even though the language of the Eleventh Amendment preserves sovereign immunity of only the States of the Union, it is settled that this protection

extends also to 'state agents and state instrumentalities.'"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R [ECF No. 19] and **DISMISSES** Plaintiff's amended complaint with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina
February 9, 2021

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge